IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOWANNA WORD                                                                               PLAINTIFF

V.                                                          CIVIL ACTION NO.: 1:09CV54-SA-JAD

NORTH MISSISSIPPI MEDICAL CENTER, INC.                          DEFENDANT

MEMORANDUM OPINION
GRANTING SUMMARY JUDGMENT

Presently before the Court is Defendant's Motion for Summary Judgment [47]. The Court finds as follows:

*Factual and Procedural Background*

Plaintiff, Jowanna Word, filed this action under Title VII, 42 U.S.C. § 2000e, et seq., alleging she was discriminated against based on race by her former employer, North Mississippi Medical Center, Incorporated (NMMC). Plaintiff was hired by NMMC in September 2006. At the time of her termination, Plaintiff was employed as a Unit Coordinator/Nursing Assistant. On approximately February 24, 2008, Plaintiff was working near Cindy Johnson, a registered nurse employed by NMMC. A dispute arose that evening purportedly because the two employees kept reaching for the same medical charts in the chart rack.[1] Plaintiff contends Johnson "threw a medical chart through the slot directly at [her] face." The medical chart did not actually make contact with Plaintiff's head. In reaction to Johnson's act, Plaintiff immediately stated that she would have "gone up beside [Johnson's head]" had the medical chart hit her. This incident was not reported by anyone at the time it occurred.

---

[1] Defendant has provided a description and photograph of the medical chart rack. The chart rack is designed like a wall partition. Plaintiff was on one side of the rack and Nurse Johnson was on the other side. According to Defendant, medical charts consist of a plastic cover with three rings to hold the paper and tabs. They weigh approximately 1 ½ pounds.

A staff meeting was called by the Intermediate Care Nurse, Andrea Calvery, the morning of March 10, 2008. Present at the meeting were Plaintiff, Cynthia Johnson, Pamela Billups, and Christi Kelly. The purpose of the meeting was to address staff issues reported on the previous night shift between the aforementioned workers. During this staff meeting, Plaintiff brought up the medical chart incident that occurred with Johnson. According to NMMC, Plaintiff became emotional during this meeting and repeated her threat against Johnson to Calvery and in front of others present. Defendant contends Plaintiff's behavior during this meeting demonstrated Plaintiff's lingering hostility, lack of contriteness, and disregard for NMMC's policy against workplace violence.

Calvery conducted an investigation about the incident which confirmed what she had been told during the March 10, 2008, staff meeting. She spoke with staff and requested written statements. Calvery subsequently recommended that Plaintiff be terminated.

On March 26, 2008, Calvery and Plaintiff met with Faye Perry, the Operations Officer and individual responsible for terminations within the Surgical Service Line. Plaintiff again repeated her version of the threatening statement to Perry. Plaintiff's statements were perceived by NMMC as threatening and inconsistent with its expected standard of conduct, and her employment was terminated at that time.

Johnson was terminated within days of Plaintiff's termination for reasons unrelated to the medical chart incident. During her deposition, Calvery speculated that had Johnson not been in the process of being terminated for other issues, she probably would have merely verbally counseled Johnson as Johnson was apologetic about the medical chart incident. Calvery further speculated that had Plaintiff shown remorse over her hostile reaction and threat, she would have taken that into consideration and possibly would have only recommended written disciplinary action.

NMMC filed its Motion for Summary Judgment arguing it is entitled to judgment as a matter of law on Plaintiff's Title VII claim for race discrimination.

*Summary Judgment Standard*

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 F. App'x 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all

reasonable inferences in its favor." Deville, 567 F.3d at 164.

*Discussion*

Title VII of the Civil Rights Act of 1991 prohibits discrimination in employment decisions based on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1)(2003). A plaintiff may prove discrimination by direct or circumstantial evidence. Salinas, 314 F. App'x at 698; Nasti v. CIBA Specialty Chems., 492 F.3d 589, 593 (5th Cir. 2007).

Title VII claims based on circumstantial evidence are analyzed under the *McDonnell Douglas* burden-shifting evidentiary framework. Salinas, 314 F. App'x at 698 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); Fahim v. Marriott Hotel Servs., 551 F.3d 344, 350-51 (5th Cir.2008). First, a plaintiff is required to establish a prima facie case of discrimination. Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1998). A plaintiff must show that she was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." Carr v. Murphy Oil USA Inc., 269 F. App'x 378, 378 (5th Cir.2008) (per curiam) (citing Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir.2005)). Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case. See Bryant v. Compass Group USA Inc., 413 F.3d 471, 478 (5th Cir. 2005). "To raise an inference of discrimination, the plaintiff may compare [her] treatment to that of nearly identical, similarly situated individuals." Id.

Once a plaintiff has made her prima facie case, the defendant then has the burden of producing a legitimate, nondiscriminatory motive for the adverse employment action. Deffenbaugh-Williams, 156 F.3d at 587. The defendant's burden at this stage is merely one of

production–not persuasion. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 Fed. Appx. 321, 327 (5th Cir. 2009).

Once the defendant has presented a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff must present substantial evidence that each proffered reason is a pretext for discrimination. Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003). The plaintiff may satisfy this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Little v. Republic Ref. Co., 924 F.2d 93, 96 (5th Cir. 1991). "The plaintiff always has the ... ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." Warren v. City of Tupelo, 332 F. App'x 176, 180 (5th Cir. 2009) (punctuation omitted) (quoting Tex. Dep't of Comty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

Plaintiff is an African-American employed, prior to her termination, as a Unit Coordinator/Nursing Assistant. She was terminated on March 26, 2008. NMMC admits in its Responses to Plaintiff's Request for Admissions that Plaintiff was qualified for her position as she possessed the requisite education and experience for the position she held at the time of her termination. NMMC also admits that a Caucasian employee was transferred into the position formerly held by Plaintiff in May 2008. Therefore, Plaintiff has met her prima facie case.

Having established a prima facie case, the burden of production shifts to NMMC to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination. NMMC states that Plaintiff was terminated for making a threat against Johnson and her behavior during the staff meeting, which Defendant contends demonstrated Plaintiff's lingering hostility, lack of contriteness, and disregard

for NMMC's policy against workplace violence.

NMMC has satisfied its burden of production. Plaintiff is now obligated to produce sufficient evidence to permit a reasonable jury to find that NMMC's non-discriminatory explanation for Plaintiff's termination is pretextual. Plaintiff argues that NMMC's reason for terminating her is pretextual as similar conduct on the part of Johnson was not disciplined in the same manner. To raise an inference of discrimination, Plaintiff may compare her treatment to that of nearly identical, similarly-situated individuals. Mayberry v. Vought Aircraft, Co., 55 F.3d 1086, 1090 (5th Cir. 1995). In addition, other employees' acts of misconduct must be of "comparable seriousness" to that of the Plaintiff. Warfield v. Lebanon Corr. Inst., 181 F.3d 723, 730 (6th Cir. 1999).

According to eye witness statements and Johnson's own testimony, Johnson angrily shoved the medical chart through the slot towards Plaintiff. The medical chart came within an inch of hitting Plaintiff's face, and she had to move to avoid impact. Plaintiff reacted stating that she would have "gone up beside [Johnson's head]" had that medical chart hit her. Although Johnson contends she was not trying to hit Plaintiff with the medical chart, the jury should decide that question of intent. NMMC conducted an investigation into this incident. Even though Johnson could be perceived as the aggressor or the instigator, NMMC decided to terminate Plaintiff and did not discipline Johnson in any manner. NMMC's initial position as to Johnson was that "Ms. Johnson did not engage in any misconduct in connection with the incident involving Plaintiff and therefore was not terminated, counseled, written-up or disciplined as a result of the threat made by Plaintiff." NMMC later asserts that Johnson was not disciplined for the incident as she was already in the process of being terminated for other employment issues. Further, NMMC alleges that Johnson was apologetic and remorseful, while Plaintiff was continuously hostile and did not accept Johnson's

apology. However, Plaintiff disputes that Johnson ever offered an apology. Plaintiff has raised fact issues material to determining whether Defendant's proffered reason for the termination is pretextual. Thus, Defendant NMMC's Motion for Summary Judgment is DENIED.

*Conclusion*

Based on the foregoing analysis, Defendant has failed to show that it is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment [47] is DENIED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 17th day of June 2010.

>   **/s/ Sharion Aycock**
>   **UNITED STATES DISTRICT JUDGE**